IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Norfolk Division

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **CRIMINAL NO. 2:18cr112** |
| | ) | |
| **DARWIN LOPEZ RAMOS,** | ) | |
| | ) | |
| *Defendant.* | ) | |

**GOVERNMENT'S POSITION WITH RESPECT TO
SENTENCING FACTORS IN THE PRESENTENCE REPORT**

COMES NOW the United States of America, by undersigned counsel, and in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the presentence report (PSR) prepared by the United States Probation Officer. The United States submits that a sentence of 24 months would satisfy the 18 U.S.C. § 3553a sentencing factors.

**I.     The United States Has No Objection to the PSR**

The United States hereby represents that it has no objections to the facts, the findings or to the calculations of the presentence report. The United States does not intend to call witnesses or present evidence at the sentencing hearing. The United States reserves the right to present witness testimony and/or documentary evidence to address any objections raised by the defendant.

**II.    Motion**

The United States moves this Court, pursuant to U.S.S.G. § 3E1.1(b), to grant an additional one-level reduction in the offense level for acceptance of responsibility. The defendant assisted authorities in the investigation and prosecution of his own misconduct by timely notifying the United States of his intention to enter a plea of guilty, thereby allowing the United States to avoid preparing for trial and permitting the United States and the Court to

allocate their resources efficiently.

**III.    A Sentence of 24 Months of Incarceration Complies with the Factors and Considerations Set Forth in 18 U.S.C. § 3553(a) and (b).**

In *United States v. Booker*, 543 U.S. 220 (2005), the Supreme Court rendered the Sentencing Guidelines purely advisory, but emphasized that a sentencing court must consider both the Guidelines and the 18 U.S.C. § 3553(a) factors when making a sentencing decision. *Id.* at 264. The Supreme Court reaffirmed this principle in *United States v. Kimbrough*, 128 S. Ct. 558 (2007), emphasizing that "the Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence." *Id.* at 564. Finally, in *Gall v. United States*, 128 S. Ct. 586 (2007), the Supreme Court instructed that the sentencing court should calculate the Sentencing Guideline range, permit the government and the defendant "an opportunity to argue for whatever sentence they deem appropriate," consider all of the § 3553(a) factors, and finally pronounce a sentence taking into account all of the relevant factors. *Id.* at 596-97. The *Gall* Court further instructed that, in the event that the sentencing court decides to impose a variance sentence, the court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Id.* (noting that a "major departure should be supported by a more significant justification than a minor one.").

Applying these standards, the Fourth Circuit has concluded that a sentencing court must: "(1) properly calculate the Guideline range; (2) allow the parties to argue for the sentence they deem appropriate and determine whether the § 3553(a) factors support the sentences requested by the parties; and (3) explain its reasons for selecting a sentence." *United States v. Simmons*, 269 Fed. App'x 272 at *1 (4th Cir. 2008) (*citing United States v. Pauley*, 511 F.3d 468, 473 (4th Cir. 2007)).

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. Applying these sentencing factors to the facts of this case demonstrates that a sentence of 24 months of incarceration is appropriate and reasonable.

    A.    <u>Nature and Circumstances of the Offense</u>

The defendant's offense is straight forward. After having been lawfully deported he has illegally reentered the United States without authority to do so. He has done this multiple times over his life and now stands convicted of illegal reentry by a removed alien. The offense itself is a serious one as it strikes at the heart of the immigration system. Millions of people around the globe wait to immigrate lawfully to the United States. Instead of following a legal pathway, the defendant has elected to enter the United States in violation of immigration law.

    B.    <u>History and Characteristics of the Defendant</u>

The defendant is a 38-year-old man who has entered the United States illegally on several occasions. While here, the defendant has continued to violate the law. Dating back to 2011, the defendant has been convicted of possessing counterfeit certificates, theft of property, and conspiracy and uttering forged checks. PSR ¶¶29-31. While awaiting trial on the instant matter, defendant received a bond and permission to reside in Texas. ECF No. 46. Defendant violated his bond by being arrested on allegations of engaging in organized criminal activity. PSR ¶36. Defendant was ordered to appear in this Court for a bond violation hearing and failed to appear. ECF No. 58. After fleeing Texas and Virginia, the defendant was apprehended in the vicinity of

3

the Canadian border by U.S. Border Patrol in the Eastern District of Michigan. ECF No. 60. Defendant's conduct, both in violating immigration law, in violating other criminal laws, and in violating the conditions of release imposed by this Court conclusively demonstrates his utter contempt for the rule of law.

    C.    <u>Other Relevant Factors</u>

Title 18 U.S.C. § 3553(a)(2) states that the court should fashion a sentence that will serve the various purposes of sentencing. A sentence of 24 months of incarceration would satisfy the statutory sentencing factors. The defendant's time in the United States has been interwoven with constant criminal behavior. A statutory maximum sentence is necessary to deter the defendant from re-entering this country and to instill in him respect for the laws of the United States. A sentence of 24 months will send a message that future transgressions will not be tolerated.

**IV.**    **<u>Conclusion</u>**

For these reasons, as well as those to be articulated during the sentencing hearing on this matter, the United States respectfully requests that the Court sentence the defendant to 24 months of incarceration.

                                JESSICA D. ABER
                                UNITED STATES ATTORNEY

By:       /s/
        Joseph L. Kosky
        Assistant United States Attorney
        Attorney for the United States
        United States Attorney's Office
        101 West Main Street, Suite 8000
        Norfolk, Virginia 23510
        Office Number (757) 441-6331
        Facsimile Number (757) 441-6689
        E-Mail Address - joseph.kosky@usdoj.gov